**25SL-CC04640**

Electronically Filed - St Louis County - April 30, 2025 - 01:31 PM

# IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
## STATE OF MISSOURI

| | |
|---|---|
| AMANDA SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No: |
| ) | |
| MERCY HOSPITALS EAST ) | Division No: |
| COMMUNITIES d/b/a MERCY ) | |
| HOSPITAL ST. LOUIS, ) | |
| Serve R/Agt.: ) | |
| CSC-Lawyers Incorporating Service Company ) | |
| 221 Bolivar St. ) | |
| Jefferson City, MO 65101 ) | |
| ) | |
| Defendant. ) | |

## CLASS ACTION PETITION

**COMES NOW** Plaintiff Amanda Smith, by and through her undersigned counsel, and for her Class Action Petition against Defendant Mercy Hospitals East Communities, states:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is an adult individual citizen who resides in and is a citizen of the State of Missouri.

2. Defendant is a domestic nonprofit corporation registered and in good standing with the Missouri Secretary of State.

3. Defendant uses the fictitious name Mercy Hospital St. Louis and operates Mercy Hospital St. Louis in St. Louis County, Missouri.

4. This Court has jurisdiction over the subject matter of this civil suit pursuant to the Missouri Constitution, Article V section 14.

5. This Court has the statutory authority to grant the relief requested herein pursuant to section 407.025 R.S.Mo.

6. Venue is proper in St. Louis County where the transaction between Plaintiff and Defendant occurred.

## BACKGROUND

7. Plaintiff's minor child received medical services from Mercy Hospital St. Louis from approximately March 5, 2023, through March 7, 2023.

8. Approximately thirty days after leaving Mercy Hospital St. Louis, Plaintiff received an itemized statement, showing the amounts billed for each type of medical service provided by Defendant.

9. Surprised by the amounts billed by Defendant, Plaintiff visited Defendant's website at https://www.mercy.net/forms/items-and-services-files/ which promises that "Mercy is committed to providing price transparency to our patients."

10. On said website, Defendant posted its Standard Hospital Charges List, to comply with 42 U.S.C. § 300gg-18(e), by providing a public disclosure of Defendant's charges for items and services provided by Defendant.

11. While Defendant could offer a discount to consumers, by the definition of "standard charges" in 84 FR 65524, the amounts billed by Defendant may not exceed the amounts identified in its Standard Hospital Charges List.

12. Defendant's website allows a user to download a file that contains a list of Current Procedural Terminology ("CPT") codes with the accompanying "rate" that Defendant will charge for that service (hereinafter "Standard Hospital Charges List").

13. Using the Standard Hospital Charges List, Plaintiff was able to compare the amounts charged by Defendant for the medical services received to the maximum amount that Defendant represented that it would charge for the same service.

14. Plaintiff determined that many of the amounts on the itemized billing exceeded the amount represented by Defendant as the rate for that service.

15. For example, Plaintiff was billed $2,568.00 for an emergency department visit care level 5, CPT code 99285, while the Standard Hospital Charges List disclosed a rate of $1,983.00; Plaintiff was billed $387.00 for a chest x-ray, CPT code 71046, while the Standard Hospital Charges List disclosed a rate of $348.00; Plaintiff was billed for isolation supplies at a rate of $403.00 per day, while the Standard Hospital Charges List discloses a daily rate of $255.00; and Plaintiff was billed $332.00 for an inhalation/nebulizer treatment, CPT code 94640, while the Standard Hospital Charges List discloses a rate of $158.00.

16. Thus, Defendant overcharged Plaintiff by at least $946.00, which Plaintiff has thus paid.

17. Plaintiff sought to determine why the amount Defendant billed her exceeded the amounts that Defendant represented as the "transparent" price that consumers would pay.

18. In approximately September 2023, Defendant represented to Plaintiff that the reason for the billing discrepancy is that Defendant had increased its billing rates but that the Standard Hospital Charges List had not been updated since October 19, 2021.

19. A review of the Standard Hospital Charges List downloaded by Plaintiff itself contains a line of information that shows "updated: 10/19/21."

20. As of September 2023, Defendant failed to provide an accurate file with all standard charges established by Defendant for all the items and services it provides, in violation of 42 U.S.C. § 300gg-18.

21. Plaintiff was paying the amounts billed by Defendant for the medical services provided to Plaintiff's minor child, including for the services for which Defendant charged more

than was disclosed in the Standard Hospital Charges List, at the rate of $167 per month, until June 2024 when Plaintiff began paying at the rate of $76.99 per month, and then again at the rate of $176.99 per month beginning in November 2024.

22. Plaintiff therefore continues to pay out-of-pocket for the items and services that Defendant overcharged Plaintiff according to the Standard Hospital Charges List. Plaintiff has paid more to Defendant for the items and services provided to Plaintiff's minor child that the amounts for those items and services disclosed in the Standard Hospital Charges List.

23. Plaintiff has therefore already paid and will continue to pay Defendant more than the maximum amount than that identified in the Standard Hospital Charges List for the items and services received.

## CLASS ALLEGATIONS

24. It is Defendant's routine practice to bill its patients, including Plaintiff, amounts greater than that disclosed in the Standard Hospital Charges List, which Defendant was required to maintain pursuant to the Affordable Care Act of 2010.

25. This action is properly maintainable as a class action pursuant to Missouri Supreme Court Rule 52.08 and section 407.025 R.S.Mo.

26. The class consists of the following persons: All Missouri citizens who (1) purchased merchandise from Defendant (2) during the applicable statute of limitation periods prior to the filing of Plaintiff's Petition where (3) Defendant disclosed a rate for a particular item and/or service within its Standard Hospital Charges List, (4) Defendant billed a greater amount than the rate disclosed for that particular item and/or service within its Standard Hospital Charges List, and (5) the consumer paid more for the particular item and/or service than the amount on the Standard Hospital Charge List.

27. Plaintiff reserves the right to revise this definition based on facts obtained during discovery.

28. Plaintiff is a member of the class she seeks to represent.

29. Members of the class are so numerous that joinder is impracticable. Based on Plaintiff's research, Defendant treats and bills thousands of consumers each year.

30. Upon information and belief, Defendant disregarded the rates disclosed in its Standard Hospital Charges List for every patient that was billed for items and/or services from at least October 19, 2021, through October 2023.

31. There are no unique defenses Defendant can assert against Plaintiff individually, as distinguished from the class.

32. Plaintiff will assure the adequate representation of all members of the class and has no conflict with class members in the maintenance of this action.

33. Plaintiff's interests in this action are typical of the class and are antagonistic to the interests of Defendant.

34. Plaintiff has no interest or relationship with Defendant that would prevent her from litigating this matter fully.

35. Plaintiff is aware that settlement of a class action is subject to court approval, and she will vigorously pursue the class claims throughout the course of this action.

36. A class action will provide a fair and efficient method to adjudicate this controversy since the claims of the class members are virtually identical in that they raise the same questions of law and involve the same methods of collection by Defendant.

37. Most, if not all, of the facts needed to determine liability and damages are obtainable from Defendant's records.

Electronically Filed - St Louis County - April 30, 2025 - 01:31 PM

38. The purpose of the MMPA will be best effectuated by a class action.

39. A class action is superior to other methods for the fair and efficient adjudication of this controversy.

40. Furthermore, as damages suffered by most members of the class are relatively small in relation to the costs, expense, and burden of litigation, it would be difficult for members of the class individually to redress the wrongs done to them.

41. Many, if not all, class members are unaware that claims exist against Defendant.

42. There will be no unusual difficulty in the management of this action as a class action.

43. At least three common questions of law and fact predominate over all individual questions of the three classes: (1) whether Defendant provided merchandise to consumers, (2) whether Defendant created and made public its Standard Hospital Charges List, (3) whether Defendant billed amounts greater than those disclosed in the Standard Hospital Charges List, and (4) whether, by doing so, Defendant violated the MMPA.

44. Because many class members are unaware of their claims and because their claims are small in relation to the cost of an individual suit, a class action is the only proceeding in which class members can, as a practical matter, recover.

45. Plaintiff and Plaintiff's counsel have the necessary financial resources to adequately and vigorously litigate this class action. Plaintiff's counsel will fairly and adequately represent and protect the interests of the class.

46. All class members have been damaged in precisely the same fashion, by precisely the same conduct. The loss suffered by individual class members is calculable and ascertainable.

**COUNT I**
**CLASS VIOLATIONS OF THE MMPA**

47. Plaintiff hereby reavers and incorporates by reference all statements and allegations previously set forth as if fully stated in this Count.

48. Plaintiff and the Class members defined herein are each "persons," as defined by § 407.010(5) R.S.Mo.

49. Defendant is a "Person" as defined by § 407.010(5) R.S.Mo

50. The medical services and items received by Plaintiff and the putative class members constitutes "merchandise" as that term is defined by § 407.010(4) R.S.Mo.

51. Plaintiff and the putative class members purchased the medical services primarily for personal, family, or household purposes.

52. Plaintiff's and the putative class members' purchase of the medical services and items constitute a "Sale," and the billing for those medical services are in connection with that sale, as defined by § 407.010(6) and § 407.020 R.S.Mo.

53. In connection with the sale of the medical services and items to Plaintiff and the class members, Defendant committed deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact, in violation of § 407.020 R.S.Mo.

54. Section 2718(e) was enacted to help bring down the cost of health care coverage for consumers.

55. Pursuant to subsection 2718(e) of Affordable Care Act of 2010, Defendant was required to "each year establish (and update) and make public (in accordance with guidelines developed by the Secretary) a list of the hospital's standard charges for items and services provided by the hospital." 42 U.S.C. § 300gg-18(e).

56. Defendant violated section 2718(e) in that it failed to comply with the hospital

price transparency requirements of the Affordable Care Act.

57. An unfair business practice under the MMPA includes any method, use or practice that violates a federal or state law intended to protect the public, per 15 C.S.R. § 60-8.090.

58. Defendant mispresented to Plaintiff and the class members what Defendant charged for the medical services and items it was providing.

59. As a direct and proximate result of Defendant's violations of § 407.020 R.S.Mo., Plaintiff and the class members have suffered an ascertainable loss of money and/or property in the amount they have paid for the medical services, and seek relief pursuant to § 407.025 R.S.Mo

60. Plaintiff and the class members acted as reasonable consumer would have in light of the circumstances, and Defendant's unlawful acts would cause reasonable consumer to agree to receive medical treatment from Defendant.

61. Pursuant to § 407.025 R.S.Mo., Plaintiff seeks actual damages and attorney's fees.

**WHEREFORE** Plaintiff, individually, and on behalf of each member of the proposed Class, prays the Court grant the following relief:

  a) Enter an order certifying this action as a Class Action and appointing Amanda Smith as the representative of the Class;

  b) Enter an order appointing Bryan E. Brody and Alexander J. Cornwell of Brody & Cornwell, LLC and David T. Butsch and Christopher E. Roberts of Butsch Roberts & Associates LLC as counsel and lead counsel of the Class;

  c) In the event the Class is certified, enter judgment in favor of Plaintiff and members of the Class in the sum of the medical charges billed to Plaintiff and

Electronically Filed - St Louis County - April 30, 2025 - 01:31 PM

Electronically Filed - St Louis County - April 30, 2025 - 01:31 PM

each member of the class members in excess of the amount disclosed within the Standard Hospital Charges List within the applicable statute of limitation period prior to the date of the filing of this Class Action Petition;

d) Enter judgment awarding class counsel reasonable attorney's fees and all expenses of this action to be paid by Defendant, and to require Defendant to pay the costs and expenses of class notice and administration;

e) Enter judgment awarding Plaintiff a reasonable service award for serving as the representative of the Class; and

f) Enter judgment awarding prejudgment interest, postjudgment interest, costs, statutory attorney's fees, and any further and additional relief as the Court deems Plaintiff and/or the Class may be entitled.

## COUNT II
## UNJUST ENRICHMENT

62. Plaintiff hereby reavers and incorporates by reference all statements and allegations previously set forth as if fully stated in this Count.

63. Plaintiff, and the class members, conferred a benefit on Defendant, namely, payment for medical items and services.

64. Defendant appreciated these payments by retaining all of the funds received.

65. Retention of the monies paid by Plaintiff, and the class members, for amounts billed in excess of the amounts Defendant created and made public within its Standard Hospital Charges List, by Defendant would be inequitable.

66. Defendants are obligated to return the amount of money it retained for the items and services rendered equal to the difference between the amounts actually billed by Defendant for those services and the amounts Defendant disclosed within its Standard Hospital Charges

List.

67. Defendant has failed and refused to do so.

68. Defendant's retention of all the money over and above the actual amounts owed per the Standard Hospital Charges List was not in exchange for any consideration provided to Plaintiff and the class members.

69. Defendant was therefore enriched by said payments at the expense of Plaintiff, and the class members.

70. Allowing Defendant to retain said funds would be unjust.

**WHEREFORE** Plaintiff, individually, and on behalf of each member of the proposed Class, prays the Court grant the following relief:

  a) Enter an order certifying this action as a Class Action and appointing Amanda Smith as the representative of the Class;

  b) Enter an order appointing Bryan E. Brody and Alexander J. Cornwell of Brody & Cornwell, LLC and David T. Butsch and Christopher E. Roberts of Butsch Roberts & Associates LLC as counsel and lead counsel of the Class;

  c) In the event the Class is certified, enter judgment in favor of Plaintiff and members of the Class in the sum of the medical charges billed to Plaintiff and each member of the class members in excess of the amount disclosed within the Standard Hospital Charges List within the applicable statute of limitation period prior to the date of the filing of this Class Action Petition;

  d) Enter judgment awarding class counsel reasonable attorney's fees and all expenses of this action to be paid by Defendant, and to require Defendant to pay the costs and expenses of class notice and administration;

e) Enter judgment awarding Plaintiff a reasonable service award for serving as the representative of the Class; and

f) Enter judgment awarding prejudgment interest, postjudgment interest, costs, statutory attorney's fees, and any further and additional relief as the Court deems Plaintiff and/or the Class may be entitled.

## COUNT III
## MONEY HAD AND RECEIVED

71. Plaintiff hereby reavers and incorporates by reference all statements and allegations previously set forth as if fully stated in this Count.

72. Defendant has received and retained money from Plaintiff and the class members for medical items and services rendered.

73. The maximum value of the medical items and services is defined by the amounts stated in Defendant's Standard Hospital Charges List.

74. Defendant's receipt of payments from Plaintiff, and the class members, that exceed the amounts that were to be charged per Defendant's Standard Hospital Charges List for medical items and services was not in exchange for any consideration provided to Plaintiff and the class members.

75. The monies paid by Plaintiff, and the class members, for any items and services that exceeded the amounts disclosed by Defendant within its Standard Hospital Charges List for said items and services, belongs in good conscience to Plaintiff and the class members

76. Defendant's retention of money over and above the actual amounts that should have been billed for any given items and/or service per the Standard Hospital Charges List is unjust.

77. Defendant is obligated to return the amount of money it retained for the items and services rendered equal to the difference between the amounts actually billed by Defendant for those services and the amounts Defendant disclosed within its Standard Hospital Charges List.

**WHEREFORE** Plaintiff, individually, and on behalf of each member of the proposed Class, prays the Court grant the following relief:

a) Enter an order certifying this action as a Class Action and appointing Amanda Smith as the representative of the Class;

b) Enter an order appointing Bryan E. Brody and Alexander J. Cornwell of Brody & Cornwell, LLC and David T. Butsch and Christopher E. Roberts of Butsch Roberts & Associates LLC as counsel and lead counsel of the Class;

c) In the event the Class is certified, enter judgment in favor of Plaintiff and members of the Class in the sum of the medical charges billed to Plaintiff and each member of the class members in excess of the amount disclosed within the Standard Hospital Charges List within the applicable statute of limitation period prior to the date of the filing of this Class Action Petition;

d) Enter judgment awarding class counsel reasonable attorney's fees and all expenses of this action to be paid by Defendant, and to require Defendant to pay the costs and expenses of class notice and administration;

e) Enter judgment awarding Plaintiff a reasonable service award for serving as the representative of the Class; and

  f) Enter judgment awarding prejudgment interest, postjudgment interest, costs, statutory attorney's fees, and any further and additional relief as the Court deems Plaintiff and/or the Class may be entitled.

**COUNT IV
BREACH OF CONTRACT**

78. Plaintiff hereby reavers and incorporates by reference all statements and allegations previously set forth as if fully stated in this Count.

79. Plaintiff and Defendant entered into a contract, namely, an agreement to be charged a specified amount for medical services.

80. Plaintiff fully complied with all the terms and conditions of said contract.

81. Defendant breached the contract, in that it failed and refused to fulfill its obligation to charge the agreed upon amounts for said medical services.

82. Plaintiff has incurred damage as a direct and proximate result of Defendant's breach.

**WHEREFORE** Plaintiff, individually, and on behalf of each member of the proposed Class, prays the Court grant the following relief

  a) Enter an order certifying this action as a Class Action and appointing Amanda Smith as the representative of the Class;

  b) Enter an order appointing Bryan E. Brody and Alexander J. Cornwell of Brody & Cornwell, LLC and David T. Butsch and Christopher E. Roberts of Butsch Roberts & Associates LLC as counsel and lead counsel of the Class;

  c) In the event the Class is certified, enter judgment in favor of Plaintiff and members of the Class in the sum of the medical charges billed to Plaintiff and each member of the class members in excess of the amount disclosed within

Electronically Filed - St Louis County - April 30, 2025 - 01:31 PM

the Standard Hospital Charges List within the applicable statute of limitation period prior to the date of the filing of this Class Action Petition;

d) Enter judgment awarding class counsel reasonable attorney's fees and all expenses of this action to be paid by Defendant, and to require Defendant to pay the costs and expenses of class notice and administration;

e) Enter judgment awarding Plaintiff a reasonable service award for serving as the representative of the Class; and

f) Enter judgment awarding prejudgment interest, postjudgment interest, costs, statutory attorney's fees, and any further and additional relief as the Court deems Plaintiff and/or the Class may be entitled

Respectfully submitted,

**BRODY & CORNWELL**

/s/ Bryan E. Brody
Bryan E. Brody, #57580
Alexander J. Cornwell, #64793
7730 Carondelet, Ste. 135
St. Louis, MO 63105
Ph: (314) 932-1068
Fax: (314) 228-0338
BBrody@BrodyandCornwell.com
ACornwell@BrodyandCornwell.com

**BUTSCH ROBERTS & ASSOCIATES LLC**

/s/ Christopher E. Roberts
David T. Butsch #37539
Christopher E. Roberts #61895
7777 Bonhomme Avenue, Suite 260

Electronically Filed - St Louis County - April 30, 2025 - 01:31 PM

Clayton, MO 63105
Phone: (314) 863-5700/Fax: 863-5711
butsch@butschroberts.com
roberts@butschroberts.com
***Attorneys for Plaintiff***